**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Maxhimer and Traci Austin, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>Wells Fargo Bank, N.A.,<br><br>    Defendant. | No. CV11-128-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Wells Fargo's Motion to Dismiss (Doc. 13). The Court now rules on the Motion.

### BACKGROUND

Plaintiff Mark Maxhimer and Traci Austin took out a loan to purchase residential property in Glendale, Arizona in February of 1997. They executed a promissory note and a deed of trust at that time. Plaintiffs then refinanced their loan in July of 1999 and executed a new promissory note and deed of trust. Plaintiffs thereafter made mortgage payments to Wells Fargo, which had been assigned the promissory note.

Plaintiffs received a letter from Wells Fargo in March of 2010 that threatened to accelerate their promissory note. Plaintiffs responded by sending Defendant a letter demanding that Defendant produce certain documents, including the "Genuine Original Promissory Note." (Ex. A to Compl.)

At some point, Plaintiffs defaulted on their loan. On May 18, 2010, Defendant appointed Michael Bosco as Successor Trustee and noticed the Trustee Sale of Plaintiffs' property for August 17, 2010. The Trustee Sale commenced on August 24, 2010. Plaintiffs do not allege that they did not receive proper notice of the Trustee Sale.

Plaintiffs filed a Quiet Title action in state court on January 3, 2011. Defendant removed to this Court on January 19, 2011. (Doc. 1.) Plaintiffs moved for a Temporary Restraining Order on February 3, 2011 (Doc. 11) to avoid enforcement of a Forcible Detainer Judgment and Writ of Possession Defendant obtained in the state court. The Court held a hearing that same day and denied Plaintiffs' Motion for a TRO. (Doc. 12.)

Defendant filed the pending Motion to Dismiss on February 4, 2011. (Doc. 13.) Plaintiffs never responded to the Motion. Defendant then filed a Motion for Summary Disposition (Doc. 15) of its Motion to Dismiss because of Plaintiffs' failure to respond.

## LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## ANALYSIS AND CONCLUSION

Plaintiffs make several arguments in their Complaint that the Court has rejected in prior cases. The Court need not address those arguments again here, however, because Plaintiffs waived all their arguments by failing to seek and obtain an injunction at least one day before the Trustee Sale of their property.

Section 33-811(C) of the Arizona Revised Statutes reads in pertinent part:

The trustor . . . and all persons to whom the trustee mails a
notice of a sale under a trust deed pursuant to § 33-809 shall
waive all defenses and objections to the sale not raised in an
action that results in the issuance of a court order granting relief
pursuant to rule 65, Arizona rules of civil procedure, entered
before 5:00 p.m. mountain standard time on the last business day
before the scheduled date of sale.

Plaintiffs have presented no evidence that they filed a Rule 65 motion in state court before the Trustee Sale. Whether they filed a motion does not matter because the statute requires the granting of injunctive relief to avoid waiver, and Plaintiffs indisputably did not obtain injunctive relief.

A trustor who receives notice of a trustee sale pursuant to A.R.S. §33-809 waives all defenses and objections to the trustee sale not raised in an action resulting in injunctive relief awarded at least one business day before the trustee sale. Plaintiffs do not dispute that they received notice of the Trustee Sale. The Complaint references the notice of the Trustee Sale, demonstrating Plaintiffs' knowledge of the sale.

Because Plaintiffs did not receive an order enjoining the sale of the property, they waived all claims that would have provided defenses or objections to the sale. *Coleman v. Am. Home Mortg. Servicing, Inc.*, No. CV09-2692, 2010 U.S. Dist. LEXIS 30922, at *9-11. The Court finds Plaintiffs could have raised all the arguments they make in the Complaint in a motion in state court to enjoin the Trustee Sale. Because all their arguments here could have provided defenses or objections to the Trustee Sale, Plaintiffs have waived all those arguments. The Court therefore grants the Motion to Dismiss. The Court need not give Plaintiffs leave to amend because amendment could not cure their failure to file and obtain injunctive relief from state court before the Trustee Sale.

///

///

///

Accordingly,

**IT IS ORDERED** GRANTING Defendant's Motion to Dismiss (Doc. 13). The Clerk shall dismiss this case and enter judgment for Defendant Wells Fargo.

DATED this 3rd day of August, 2011.

James A. Teilborg
United States District Judge